## Breeding, &c. *vs.* Stamper.

### APPEAL FROM LETCHER CIRCUIT.

Case 26.

18bm175
118  680

PET. EQ.

1. By the provisions of the *Code of Prac. sec.* 378, the trial of a suit before the service of process on all the parties, is regarded as a clerical misprision, and must be corrected or refused by the circuit court, before an appeal will lie to this court.

2. A deposition taken by a party, and by such party delivered to the clerk, though sealed in an envelope, was properly rejected. (*Code of Practice, sec.* 646.)

3. One who having an equitable claim to land, assents to its purchase by another from a third person, will not be permitted to assert title thereafter under his equitable claim, especially as he received a part of the purchase money.

Stamper filed his petition against Elisha E. Breeding and others, to compel a conveyance of a tract of land which had been conveyed to Breeding, alledging that he held a bond for a conveyance of the same land anterior in date to the conveyance to Breeding. Breeding resisted the conveyance on the ground that he was an innocent purchaser, without any knowledge of Stamper's pretended equity; that Stamper knew of his purchase, said nothing of his claim, but assented to his purchase, and received a part of the price which he paid for the land, and subsequently purchased a part of the same land from Breeding. The circuit court adjudged that Breeding convey the land to Stamper, and he has appealed to this court.

CASE STATED.

BREEDING, &c.
vs.
STAMPER.

*Ensworth* for appellant—

The circuit court erred in its judgment for these reasons:

1. The case was prematurely heard, as all the defendants named in the petition were not served with process, nor had they answered.

2. The plaintiff failed to prove the bond relied on, and it stands denied by the answer.

3. Breeding, as he alledges, and in which he is sustained by the record, is an innocent purchaser, without any knowledge of the pretended equity of defendant.

4. The plaintiff had knowledge of defendant's purchase, and not only failed to assert any claim, but assented to the purchase of defendant, and received a part of the price, and is now estopped to assert any right.

5. The plaintiff purchased a part of the land afterwards of Breeding, the defendant, and got the possession from him.

6. The court erred in excluding the deposition, because it was not filed by the officer who took it, or lodged in the post office, as the same was received by the clerk under seal as it was sent by the officer. That part of the Code is only directory to the officer, and his act in sending it by the party for whose benefit it was taken, should not prejudice him.

*John M. Harlan* for appellee—

1. The plaintiff alledged that the bond under which he claimed was genuine, and filed it as part of his petition; it is not denied by the appellant in his answer that it is genuine; he virtually admits, and tries to avoid its effect.

2. The objection that all the parties were not served with process, is regarded by the Code of Practice as a clerical misprision, and cannot be corrected in this court, unless the circuit court shall refuse to do so. (*Code of Practice, secs. 577 and 597.*)

3. The deposition was properly excluded, because it was filed by the party for whose benefit it was taken, and not by the examiner, or through the post office.

This deposition being excluded, there is nothing in this case to prejudice the equity of the appellee, and the decree is right. The charge that plaintiff assented to defendant's purchase is not sustained.

Judge SIMPSON delivered the opinion of the court.

The process does not appear to have been served on all the parties, and therefore the case was prematurely tried, but this, according to the provisions of the Code, was only a clerical misprision, (*sec.* 578,) and is not a ground for an appeal until it has been presented and acted on in the circuit court, (*sec.* 577;) which has not been done in this case, and consequently the judgment cannot be reversed for this error.

*1. By the provisions of the Code of Prac. sc. 578, the trial of a suit before the service of process on all the parties, is regarded as a clerical misprision, and must be corrected or refused by the circuit court, before an appeal will lie to this court.*

A deposition was excepted to on the ground that it was filed in the clerk's office by the party on whose side it had been taken. It was sealed when it was delivered to the clerk, but not having been delivered to him by the officer by whom it was taken, according to the requisitions of the Code, (*sec.* 646,) it was rejected by the court.

It is contended that this decision of the court was erroneous; that the provision in the Code, requiring the officer who takes a deposition to deliver it to the clerk is merely directory, and that if he fails to comply with the requisition of the law, his delinquency should not prejudice the party for whose benefit the deposition was taken, especially where, as in the present case, it has been delivered to the clerk with the seal unbroken.

*2. A deposition taken by a party, and by such party delivered to the clerk, though sealed in an envelope, was properly rejected. (Co. of Practice, sec. 646.)*

The officer who takes a deposition is required to seal it up, and either deliver it or mail it to the clerk of the court. This duty is imposed upon him by law, to guard against the danger of interpolation or suppression. Its violation, without the knowledge or as-

BREEDING, &c.
vs.
STAMPER.

sent of the party at whose instance the deposition had been taken, where no prejudice had resulted therefrom to the opposite party, might not authorize the rejection of the deposition; this point, however, it is not now necessary to decide; but where the party himself, for whom the deposition has been taken, participates in the delinquency of the officer, and aids him in violating his duty, the very reason upon which the law is founded, imperatively requires the rejection of the deposition. The court below, therefore, did not err in sustaining this exception.

But the defendant denied, in his answer, that he had any knowledge whatever, of the equitable title set up and relied upon by the plaintiff until after he had purchased and paid for the land, and obtained the legal title to it. He also alledged that he purchased with the knowledge and assent of the plaintiff, who had received part of the purchase money, and concealed from him the existence of the claim he was then attempting to assert, and had actually purchased from him, subsequently, part of the same land by a verbal contract, thereby recognizing the validity of his previous purchase. He called upon the plaintiff to respond on oath to all these allegations.

3. One who having an equitable claim to land, assents to its purchase by another from a third person, will not be permitted to assert title thereafter under his equitable claim, especially as he received a part of the purchase money.

The plaintiff, in his response, denied that he had assented to the purchase made by the defendant. He also denied that the defendant had purchased without notice of his claim; alledged that he had himself informed him of it, but did not state whether he had done so before or after the purchase. He admitted that he had received part of the purchase money, and also that he had made a contract with the defendant, after he became the owner of it, to purchase from him part of the same land, and offered some excuse for his conduct, which is wholly unsatisfactory.

We have no doubt, from his own admissions, that he did actually consent to the sale. He received from the defendant part of the purchase money, and afterwards made a contract with him for part of the

same land. He could not then have intended to claim the land himself, under a contract with his father to support him during his life. His conduct was totally inconsistent with such an intention, and proves that he had abandoned all claim under the contract, or that it had been rescinded by the consent of the parties to it.

Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.